# LONDON FISCHER LLP

### 59 MAIDEN LANE
### NEW YORK, NEW YORK 10038

(212) 972-1000

FACSIMILE: (212) 972-1030

WWW.LONDONFISCHER.COM

CALIFORNIA OFFICE
1 PARK PLAZA, SUITE 740
IRVINE, CALIFORNIA 92614
TELEPHONE: (949) 252-0550
FACSIMILE: (949) 252-0553

February 22, 2008

<u>Via ECF and Facsimile</u>

The Honorable William C. Connor
U.S.D.J.
United States District Court
 Southern District of New York
300 Quarropas Street
White Plains, New York 10601

<table>
<tr><td>Re:</td><td colspan="2"><i>Marcus Manning v. Heather Charter and Prestige of Ramsey, Inc.</i></td></tr>
<tr><td></td><td>Docket No.:</td><td>08-CV-01470</td></tr>
<tr><td></td><td><u>Our File No.:</u></td><td><u>113.0567476</u></td></tr>
</table>

Honorable Judge Connor:

   We represent the interests of Prestige of Ramsey, Inc. ("PRESTIGE") and Heather Charter ("CHARTER") in the above matter. Pursuant to Your Honor's Individual Practices, please allow this to serve as a request for a pre-motion conference for leave to serve a motion pursuant to Federal Rule 12(b)(5), to dismiss based upon the insufficiency of service of process upon CHARTER.

BACKGROUND

   This is a civil action for personal injuries arising out of an automobile and pedestrian accident which occurred on February 26, 2007 on Main Street in Poughkeepsie, New York. Plaintiff commenced this action by purchasing an index number in the Supreme Court of the State of New York, County of Dutchess, on October 26, 2007. Defendant, PRESTIGE was subsequently served with the summons and complaint, and on December 10, 2007, PRESTIGE interposed an Answer to the Complaint. No appearance has been made on behalf of Defendant CHARTER prior to this limited appearance. According to the Summons and Complaint, CHARTER resides at 7924B Cottage Street, Philadelphia, Pennsylvania, 19136.

   In response to our request, by letter dated December 6, 2007, plaintiff's counsel forwarded the affidavit of service upon PRESTIGE. (<i>See</i> Exhibit "A"). The letter indicates that plaintiff has been unable to locate CHARTER, and confirmed that CHARTER ha not been served. <i>See</i> Exhibit "A"). On December 7, 2007, we advised counsel that no appearance would be entered for CHARTER until service was completed. (<i>See</i> Exhibit "B".) On January 28, 2008, plaintiff notified the undersigned that CHARTER was purportedly served pursuant to Section 253 of the

{N0044231.1 }

February 22, 2008
Page 2

Vehicle and Traffic Law. (*See* Letter and Affidavit of Service, annexed hereto as Exhibit "C"). The Affidavit of Service indicates that the document was filed on January 24, 2008. This matter was Removed to This Court on February 18, 2008, within 30 days after plaintiff established that the amount in controversy satisfies the jurisdictional minimum for diversity purposes.[1]

CHARTER SHOULD BE DISMISSED FROM THIS ACTION
BASED UPON INSUFFICIENCY OF SERVICE OF PROCESS

Federal Rule 4(e), authorizes service of process upon a defendant "pursuant to the law of the state in which the District Court is located, or in which service is effected, for the service of a summons upon the defendant in an action brought in the courts of general jurisdiction of the State;".

In the matter at bar, plaintiff purportedly served defendant CHARTER pursuant to Section 253 of the New York Vehicle and Traffic Law ("VTL"). Section 253 of the VTL permits a plaintiff to serve a nonresident vehicle operator to be served with a summons and complaint in the following manner:

Plaintiff must serve the summons upon the secretary of state, and Plaintiff then must send a copy of the summons and complaint via certified mail or registered mail, return receipt requested, to the non-resident defendant. Plaintiff must file an affidavit of compliance with the clerk of court or judge where the action is pending, along with a copy of the summons and complaint and either a signed return receipt from the defendant or someone qualified to receive defendant's mail. If receipt is refused, plaintiff must file the original envelope with the notation that receipt is refused by the post office, and an affidavit that notice of the mailing and refusal was sent to the defendant by ordinary mail. If the registered or certified letter is returned unclaimed, plaintiff must file the original envelope noting it was unclaimed by the post office, and an affidavit from plaintiff that the summons was posted again by ordinary mail and proof of mailing. Service is complete when plaintiff files the proof of compliance with this Section. *See* Section 253 of the VTL.

Plaintiff's Affidavit of Service demonstrates that service of process upon CHARTER is insufficient because it does not comport with the procedure set forth in Section 253 of the VTL. According to the Affidavit of Service, CHARTER was served via persona service upon the Secretary of State pursuant to Section 253 of the VTL. *See* Exhibit "C". The Affidavit of Service indicates that only the first step was followed by the plaintiff, and that no additional steps set forth in the statute were taken. As a result, plaintiff's purported service must fail, and the complaint should be dismissed as against CHARTER.

Moreover, we respectfully submit that plaintiff cannot use Section 253 as a manner to effectuate service upon the plaintiff because at the time of service, it was known to plaintiff that the manner of service was not reasonably calculated to actually reach CHARTER.

---

[1] The basis for Removal is set forth in greater detail in the Notice of Removal, which has been docketed on Pacer.

LONDON  FISCHER  LLP

February 22, 2008
Page 3

In the case *Bauman v. Fisher*, 208 N.Y.S.2d 317, 321 (3d Dep't 1960), *appeal granted* 210 N.Y.S.2d 822, defendant was a New York resident at the time of the accident, and left the state two years later. *Id.* at 318. During communications with defendant's insurance carrier prior to service of process, plaintiff learned that defendant left the state and his whereabouts were unknown. *Id.* The Appellate Division, Third Department held that where the plaintiff was aware that the defendant had moved prior to the attempted service pursuant to Section 253 of the VTL, service was improper as a "violation of due process."

      In the matter at bar, plaintiff admitted that they were "unable to locate" Ms. Charter (necessarily at the address listed on the Summons) prior to the attempted service pursuant to Section 253 of the VTL. As a result, any attempt to serve CHARTER at an address which is no longer valid constitutes a violation of due process for the reasons set forth in *Bauman, supra.*

      Accordingly, for the reasons set forth herein, defendant CHARTER hereby requests that the Court Dismiss plaintiff's Summons and Complaint based upon the insufficiency of service of process upon CHARTER.

      We thank the Court for its assistance throughout.

      Very truly yours,

      LONDON FISCHER LLP

      Matthew K. Finkelstein  (MF - 6029)

Cc:   <u>Via Facsimile (845) 471-3003</u>

      Keith Rinaldi, P.C.
      The Rinaldi Building
      Ten Arlington Avenue
      Poughkeepsie, New York 12603-1604

MKF

Enclosures (Exhibits)

{N0044231 1 }

LONDON FISCHER LLP

Exhibit A

# KEITH S. RINALDI, P.C.
## Attorneys and Counsellors At Law
### THE RINALDI BUILDING
### TEN ARLINGTON AVENUE
### POUGHKEEPSIE, NEW YORK 12603-1604
FED ID#: 14-1660058

TEL: (845) 471-3000

FAX: (845) 471-3003

December 6, 2007                                    Via Fax & Mail

Matthew K. Finkelstein, Esq.
London Fischer, LLP
Attorneys At Law
59 Maiden Lane
New York, NY 10038

RE: Manning v Charter, Prestige
    Your File No.: 113.0567476

Dear Mr. Finkelstein

In furtherance of our discussion of today, enclosed is a copy of your 12/3/07 letter signed, consenting to the adjournment. If you need additional time, please advise.

As discussed, we cannot locate defendant Heather Charter at this time,therefore, she has not been served.

Enclosed, per your request, is a clear copy of the Police Accident Report, filed Summons and Complaint and filed Affidavit of Service.

Thank you for your cooperation and courtesy.

Very truly yours
KEITH S. RINALDI, P.C.

BY: _____
    JOSEPHINE C. VALENTE-WILKINS
    PARALEGAL

Jcv-w
Encs.

Exhibit B

# LONDON FISCHER LLP

59 MAIDEN LANE
NEW YORK, NEW YORK 10038

(212) 972-1000
FACSIMILE: (212) 972-1030

WWW.LONDONFISCHER.COM

CALIFORNIA OFFICE
1 PARK PLAZA, SUITE 740
IRVINE, CALIFORNIA 92614
TELEPHONE: (949) 252-0550
FACSIMILE: (949) 252-0553

December 7, 2007

Via Facsimile (845) 471-3003

Keith Rinaldi, P.C.
The Rinaldi Building
Ten Arlington Avenue
Poughkeepsie, New York 12603-1604

Attn.: Josephine C. Valente-Wilkins

Re:     *Mannung v. Charter, Prestige*
        Supreme Court, Dutchess County
        Index No.:         7412-07
        Our File No.:         113.0567476

Dear Josephine:

As you are aware, we have been retained by Tokio Marine Insurance Co., to respond to the Complaint filed on October 26, 2007 in the above-matter. Thank you for consenting to a thirty (30) day extension, to January 3, 2008, within which to respond to the Summons and Complaint, and for forwarding the requested documents.

Enclosed for your files is overlay sheet "N", which corresponds to the Police Accident Report in this matter.

As indicated in your letter, your office has not been able to effectuate service upon Heather Charter in this matter. As a result, we will be appearing only on behalf of Prestige of Ramsey Inc. until Ms. Charter has been served. We request that you notify us when Ms. Charter has been served with the complaint so that we may enter an appearance on her behalf.

Keith Rinaldi, P.C.
December 7, 2007
Page 2


       Thank you for your continued cooperation.  Should you have any questions of concerns, do not hesitate to contact me.


       Very truly yours,

       LONDON FISCHER LLP

       Matthew K. Finkelstein


MKF

Exhibit C

## KEITH S. RINALDI, P.C.
### Attorneys and Counsellors At Law
### THE RINALDI BUILDING
### TEN ARLINGTON AVENUE
### POUGHKEEPSIE, NEW YORK 12603-1604
FED ID#: 14-1660058

TEL: (845) 471-3000

FAX: (845) 471-3003

January 28, 2008

Matthew K. Finkelstein, Esq.
London Fischer, LLP
Attorneys At Law
59 Maiden Lane
New York, NY  10038

RE:  Manning v Prestige of Ramsey, Inc., et ano

Dear Mr. Finkelstein

Enclosed please find a copy of the Affidavit of Service upon defendant, Heather Charter, with regard to the above referenced matter.  Please serve your Answer on behalf of this defendant at your earliest opportunity.

Thank you for your cooperation and courtesy.

Very truly yours
KEITH S. RINALDI, P.C.

BY: _____
      KEITH S. RINALDI

KSR:JCV/jcv
Encs.

## AFFIDAVIT  F SERVICE THROUGH THE SECRETARY OF STATE

Index #  2007/7412                                   Purchased/Filed: October 26, 2007

STATE OF NEW YORK              SUPREME COURT              DUTCHESS COUNTY

_____

*Marcus Manning*                                                      Plaintiff

against

*Heather M. Charter and Prestige of Ramsey, Inc.*                     Defendant

_____

STATE OF NEW YORK
COUNTY OF ALBANY              SS.:

_____ Jessica  Miller _____, being duly sworn, deposes and says: deponent is over

the age of eighteen (18) years; that on _____ January 14, 2008 _____, at __2:00 pm__, at the office of the

Secretary of State of the State of New York in the City of Albany, New York deponent served the annexed

Summons and Verified Complaint

on

_____ Heather M. Charter _____, the

Defendant in this action, by delivering to and leaving with _____ Carol Vogt _____,

AUTHORIZED AGENT in the Office of the Secretary of State, of the State of New York, personally at the

Office of the Secretary of State of the State of New York, __1__ true copies thereof and that at the time

of making such service, deponent paid said Secretary of State a fee of ___10___ dollars; That said service

was made pursuant to Section  253 Vehicle and Traffic Law .

. Deponent further says that deponent knew the person so served as aforesaid to be the agent in the Office

of the Secretary of State of the State of New York, duly authorized to accept such service on behalf of said

defendant.

Description of the person served:  Approx. Age: __43__   Approx. Wt: __118__   Approx. Ht: __5'__

Color of skin: __White__   Hair color: __Brown__   Sex: __F__   Other: _____

Sworn to before me on this

__18th__ day of _____ January, 2008 _____

_____
DONNA M. TIDINGS
NOTARY PUBLIC, State of New York
No. 01TI4898570, Qualified in Albany County
Commission Expires June 15, 2011

_____
Jessica  Miller

Invoice·Work Order # SP0800242

*SERVICO. INC. - PO BOX 871 - ALBANY. NEW YORK 12201 - PH 518-463-4179*