UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------x
MARCUS MANNING,

                Plaintiff,

-against-

HEATHER M. CHARTER and PRESTIGE OF RAMSEY, INC.,

                Defendants.

------------------------------------------------x

Civil Index No.: 08-CV-1470

**AMENDED ANSWER**

TO:   THE UNITED STATES DISTRICT COURT
       **FOR THE SOUTHERN DISTRICT OF NEW YORK**

      Defendants, HEATHER M. CHARTER and PRESTIGE OF RAMSEY, INC., by their attorneys, LONDON FISCHER LLP, as and for their Verified Answer to the Verified Complaint, allege, upon information and belief, as follows:

      1.   Deny knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "1" of the Verified Complaint.

      2.   Deny each and every allegation contained in paragraph "2" of the Verified Complaint, except admit that HEATHER M. CHARTER was a resident of the State of Pennsylvania.

      3.   Admit each and every allegation contained in paragraph "3" of the Verified Complaint.

      4.   Deny knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "4" of the Verified Complaint.

      5.   Deny each and every allegation contained in paragraph "5" of the Verified Complaint, except admit that HEATHER M. CHARTER was the operator of a certain 2007

{N0089052.1}

Lexus vehicle bearing New Jersey State license plate number LDRC89 and was an authorized user of the vehicle.

6. Admit each and every allegation contained in paragraph "6" of the Verified Complaint.

7. Deny knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "7" of the Verified Complaint.

8. Admit each and every allegation contained in paragraph "8" of the Verified Complaint.

9. Deny each and every allegation contained in paragraph "9" of the Verified Complaint.

10. Deny each and every allegation contained in paragraph "10" of the Verified Complaint.

11. Deny each and every allegation contained in paragraph "11" of the Verified Complaint, and respectfully refer all questions of law to the Court.

12. Deny each and every allegation contained in paragraph "12" of the Verified Complaint, and respectfully refer all questions of law to the Court.

13. Deny each and every allegation contained in paragraph "13" of the Verified Complaint.

AS AND FOR A FIRST, SEPARATE AND DISTINCT
AFFIRMATIVE DEFENSE, PURSUANT TO ARTICLE 14-A
OF THE NEW YORK CIVIL PRACTICE LAW AND RULES

14. The accident complained of was caused in whole or in part by the culpable conduct attributable to the Plaintiff, including comparative fault and/or assumption of risk.

15. Plaintiff should be barred from recovery by reason of the fact that the subject accident was entirely the result of the culpable conduct and/or assumption of risk on the part of the Plaintiff, or, in the event that Plaintiff is entitled to recover, the amount of damages otherwise should be diminished in the proportion to which the culpable conduct and/or assumption of risk attributable to the Plaintiff bears to the culpable conduct which caused the damages.

## AS AND FOR A SECOND, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE

16. Upon information and belief, any damages sustained by Plaintiff as alleged in the Verified Complaint, were caused by parties other than these defendants.

## AS AND FOR A THIRD, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE

17. Any amount that may be awarded to plaintiff as against HEATHER M. CHARTER and PRESTIGE OF RAMSEY, INC., must be reduced by the amount received from or indemnified by any collateral source pursuant to CPLR §4545(c).

## AS AND FOR A FOURTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE

18. In the event that any person or entity liable or claimed to be liable for the injury alleged in this action has been given or may hereafter be given a release or covenant not to sue, HEATHER M. CHARTER and PRESTIGE OF RAMSEY, INC., will be entitled to protection under General Obligation Law §15-108 and the corresponding reductions of any damages which may be determined to be due against HEATHER M. CHARTER and PRESTIGE OF RAMSEY, INC.

### AS AND FOR A FIFTH SEPARATE AND
### DISTINCT AFFIRMATIVE DEFENSE

19. This action is barred on the grounds that Plaintiff did not sustain a "serious injury," as defined in §5102 of the Insurance Law of the State of New York.

### AS AND FOR A SIXTH SEPARATE AND
### DISTINCT AFFIRMATIVE DEFENSE

20. Upon information and belief, Plaintiff either failed to use, failed to use properly or misused the seatbelts in the vehicle, as a result of which the alleged injuries were sustained or aggravated.

### AS AND FOR A SEVENTH SEPARATE AND
### DISTINCT AFFIRMATIVE DEFENSE

21. As against PRESTIGE OF RAMSEY, INC., this action is barred by federal preemption pursuant to 49 U.S.C. § 30106.

WHEREFORE, defendants HEATHER M. CHARTER and PRESTIGE OF RAMSEY, INC., pray that the Verified Complaint be dismissed as against them, together with the costs, expenses and disbursements incurred in the defense of this action.

Dated: New York, New York
April 22, 2008

LONDON FISCHER LLP

By: _____
Matthew K. Finkelstein (MKF-6029)
Attorneys for Defendants
HEATHER M. CHARTER and
PRESTIGE OF RAMSEY, INC.,
59 Maiden Lane
New York, NY 10038
(212) 972-1000

{N0089052.1}

TO:   KEITH S. RINALDI, P.C.
      Attorney for Plaintiff
      MARCUS MANNING
      The Rinaldi Building
      10 Arlington Avenue
      Poughkeepsie, New York 12603-1604
      (845) 471-3000

{N0089052.1 }